IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EOS PRODUCTS, LLC, a New York Limited Liability Company,<br><br>　　Plaintiff,<br><br>　　v.<br><br>NATE PACKAGING, LLC, a Vermont Limited Liability Company,<br><br>　　Defendant. | Civil Action No. 1:16-cv-4027<br>ECF Case<br><br>**COMPLAINT FOR TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, DILUTION, AND DECEPTIVE TRADE PRACTICES**<br><br>**JURY TRIAL DEMANDED** |

　　Plaintiff eos Products, LLC seeks injunctive and monetary relief from Defendant Nate Packaging, LLC for trade dress infringement, unfair competition, dilution, and deceptive trade practices with regard to Plaintiff's federally registered and common law trade dress for its eos lip balm products.  As alleged more fully below, Defendant has violated, and continues to violate, the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, Title 35 of the United States Code, and New York law by purposefully and willfully copying Plaintiff's valuable and unique packaging trade dress and offering it for sale to distributors of lip balm and other personal care products, thereby inducing and contributing to the direct infringement of eos' intellectual property rights and diluting eos' famous trade dress rights.

**PARTIES**

　　1.　　Plaintiff eos Products LLC ("eos") is a limited liability company organized under the laws of the State of New York with a place of business at 19 W. 44th Street, Suite 811, New York, New York 10036.  eos is in the business of designing, manufacturing, promoting,

marketing, advertising, distributing and selling personal care products, including lip balm, throughout the United States and internationally.

2.      Upon information and belief, Defendant Nate Packaging, LLC ("Nate Packaging") is a limited liability company organized under the laws of Vermont with places of business at 26 Thompson Drive, Essex Junction, Vermont 05452 and 71 Mountain View Drive, Belchertown, Massachusetts 01007.  Upon information and belief, Nate Packaging is in the business of designing, manufacturing, and selling product packaging.

## JURISDICTION AND VENUE

3.      This Court has personal jurisdiction over Defendant by virtue of its commission of tortious acts within the state of New York and this District and its transaction of business within the state of New York and this District.  Upon information and belief, Defendant's infringing products are sold and offered for sale throughout the State of New York, and it: purposefully directs it business activities toward consumers in the State of New York; derives a commercial benefit from its contacts within the State of New York; and is causing injury to Plaintiff within the State of New York.

4.      This Court has original subject matter jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and 28 U.S.C. §§ 1331, 1332, and 1338.  This Court has supplemental jurisdiction over the New York state claims pursuant to 28 U.S.C. § 1367 because such claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## THE EOS TRADE DRESS

6. eos is in the business of designing, manufacturing, promoting, marketing, advertising, distributing and selling personal care products, including lip balm, throughout the United States and internationally.

7. eos has expended substantial resources in designing, manufacturing, promoting, marketing, advertising, distributing and selling its products, brands and packaging, and has built a valuable business based on demand for its distinctively-styled, quality personal care products, including its lip balm.

8. In 2009, eos introduced its lip balm products in the distinctively shaped packaging depicted below:



9. The packaging consists of a solid colored, substantially egg-shaped, soft-touch plastic container composed of interlocking portions. The overall appearance created by the combination of the foregoing elements, as depicted in the graphics above, will hereinafter be referred to as the "eos Trade Dress."

10. Since long prior to the acts of Defendant complained of herein, eos has used its eos Trade Dress in connection with its business of designing, manufacturing, promoting, marketing, advertising, distributing and selling personal care products, including lip balm, in the State of New York and nationwide.

11. eos is the owner of the following registration for the eos Trade Dress, a true and correct copy of which attached hereto as Exhibit A:

| Mark | Reg. No. | Reg. Date | Class: Services/Goods |
|---|---|---|---|
|  | 4,824,682 | 10/06/2015 | Cl. 3: Lip balm; non-medicated lip care preparations; non-medicated lip protectors<br><br>Cl. 5: Medicated lip balm |

12. eos also owns substantial common law rights to the overall look and feel of the eos Trade Dress.

13. The eos Trade Dress is distinctive.

14. The eos Trade Dress is not functional.

15. The eos Trade Dress is not essential to the use or purpose of eos' lip balm products.

16. eos has expended considerable resources and millions of dollars advertising and promoting the eos Trade Dress.

17. eos' advertising of the eos lip balm draws attention to the eos Trade Dress, and encourages consumers to associate the eos Trade Dress with eos.

18. eos sells its lip balm on its website at www.evolutionofsmooth.com, and through a network of authorized retail store locations, and on-line retailers.

19. eos' lip balm has earned significant commercial success since its introduction in 2009.  In the United States, eos' lip balm has sold in excess of $250 million to date.

20. eos' lip balm also has garnered significant unsolicited press attention since its introduction.  Much of that press attention has focused on its unique packaging design.

21. Through eos' continual, exclusive use of the eos Trade Dress, and the considerable time, effort and money spent advertising and promoting the eos Trade Dress, the eos Trade Dress has come to serve primarily as an identifier of the single source of eos' product in the minds of consumers.

22. The eos Trade Dress has built up extensive goodwill and acquired secondary meaning among the relevant trade and public as a symbol identifying eos as the source or origin of the eos lip balm products.

23. As a result of the significant commercial success of eos' lip balm, and eos' extensive and continuous, exclusive use and promotion, the eos Trade Dress has become famous and recognizable to the public.

**DEFENDANT'S UNLAWFUL CONDUCT**

24. Defendant designs, manufactures, and delivers packaging that infringes the eos Trade Dress.  Photographs of a sampling of the infringing packaging are depicted below:



25. The packaging depicted above (the "Infringing Packaging") was shown and offered for sale at the LuxePack packaging trade show held in New York City on May 11-12, 2016.

26. According to the LuxePack website, www.luxepacknewyork.com, LuxePack New York is "the only U.S. show devoted to Creative Packaging" and "is the largest show in the U.S. to showcase today's top packaging manufacturer & suppliers.  An unparalleled event that allows you to actively promote your business brand among other leading companies and provides the opportunity to network with high level industry professionals."  (A true and correct copy of an excerpt from the LuxePack website is attached hereto as Exhibit B.)

27. LuxePack claims to be an "optimum opportunity" to access the personal care market, among others.  (Exhibit B.)

28. Upon information and belief, attendees at the LuxePack trade show include packaging buyers for manufacturers or distributors of personal care products, including lip balm.

29. Upon information and belief, Defendant has knowingly sold and/or offered the Infringing Packaging for sale to manufacturers or distributors that have filled, or that intend to fill, the Infringing Packaging with personal care products, including lip balm.

- 6 -

30. Upon information and belief, Defendant was aware of eos' products and sought to trade off the commercial success of eos' lip balm products and the fame of the eos Trade Dress.

31. Defendant is not affiliated with or sponsored by eos and never has been authorized by eos or any of its subsidiaries, affiliates or authorized agents to use the famous eos Trade Dress in any form.

32. On May 23, 2016, eos sent a letter notifying Defendant that the foregoing conduct constituted trade dress infringement and dilution.

33. Defendant's unauthorized, deliberate and willful use of the eos Trade Dress in the manner described above:

    (a) is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, as to the origin, sponsorship, or approval of Defendant's products, or as to some affiliation, connection, or association of Defendant with eos;

    (b) enables Defendant to trade off and receive the benefit of goodwill eos has built up at great labor and expense over many years, and to gain acceptance for Defendant's products not solely on their own merits, but on the reputation and goodwill of eos and its trade dress;

    (c) unjustly enriches Defendant;

    (d) will permit Defendant to gain an unfair competitive advantage over eos; and

    (d) unlawfully removes from eos the ability to control the nature and quality of products provided under its trade dress and places the goodwill and valuable reputation of eos in the hands of Defendant, over whom eos has no control.

34. eos has been damaged and continues to be damaged by Defendant's unauthorized, deliberate and willful use of its trade dress in the manner described above.

35. Unless these acts of Defendant are restrained by this Court, they will continue to cause irreparable injury to eos and to the public for which there is no adequate remedy at law.

## COUNT I
### Federal Trade Dress Infringement
### (Lanham Act § 32, 15 U.S.C. § 1114(1))

36. eos re-alleges and incorporates the allegations set forth in paragraphs 1 through 35 herein.

37. Plaintiff is the owner of U.S. Registration No. 4,824,682 for the eos Trade Dress.

38. Plaintiff's use of the eos Trade Dress predates any alleged use by Defendant or others in the United States.

39. The use of the Infringing Packaging in connection with lip balm and other personal care products is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, as to the origin, sponsorship, or approval of such products, or as to some affiliation, connection, or association of those products with eos.

40. Defendant is selling and/or offering for sale the Infringing Packaging to manufacturers or distributors of lip balm and other personal care products whom it knows or has reason to know are engaging in direct infringement of Plaintiff's trade dress, and/or is inducing others to directly infringe Plaintiff's trade dress.

41. Defendant has failed to take reasonable precautions against the infringing conduct of others, especially where it has control over infringement of Plaintiff's trade dress, and has enabled others to profit from trade dress infringement by acting in concert with them, profiting with them jointly in the process, and continuing to supply packaging to them with knowledge that they are engaged in trade dress infringement.

42. Defendant is contributorily infringing Plaintiff's federally registered eos Trade Dress in violation of 15 U.S.C. § 1114(1).

43. Defendant's acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Plaintiff's rights in the eos Trade Dress and with intent to trade off Plaintiff's goodwill and business reputation, and to deceive and mislead the public.

44. As a direct and proximate result of Defendant's infringing and unlawful acts, Plaintiff has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

45. Defendant's acts have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm .

## COUNT II
### Federal Trade Dress Infringement and False Designation of Origin
### (Lanham Act §43(a), 15 U.S.C. § 1125(a))

46. eos re-alleges and incorporates the allegations set forth in paragraphs 1 through 45 herein.

47. Plaintiff is the owner of common law rights to the overall look and feel of the distinctive eos Trade Dress.

48. Plaintiff's use of the eos Trade Dress predates any alleged use by Defendant or others in the United States.

49. The use of the Infringing Packaging in connection with lip balm and other personal care products is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, as to the origin, sponsorship, or approval of such products, or as to some affiliation, connection, or association of those products with eos.

50.     Defendant is selling and/or offering to sell the infringing packaging to manufacturers or distributors of lip balm and other personal care products whom it knows or has reason to know are engaging in direct infringement of Plaintiff's trade dress, and/or is inducing others to directly infringe Plaintiff's trade dress.

51.     Defendant has failed to take reasonable precautions against the infringing conduct of others, especially where it has control over infringement of Plaintiff's trade dress, and has enabled others to profit from trade dress infringement by acting in concert with them, profiting with them jointly in the process, and continuing to supply packaging to them with knowledge that they are engaged in trade dress infringement.

52.     The acts of Defendant complained of herein constitute contributory trade dress infringement, false designation of origin and false and misleading descriptions and representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53.     Defendant's acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Plaintiff's rights in the eos Trade Dress and with intent to trade off Plaintiff's goodwill and business reputation, and to deceive and mislead the public.

54.     As a direct and proximate result of Defendant's infringing and unlawful acts, Plaintiff has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

55.     Defendant's acts have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm .

## COUNT III
## Federal Trade Dress Dilution
## (Lanham Act §43(c), 15 U.S.C. § 1125(c))

56. eos re-alleges and incorporates the allegations set forth in paragraphs 1 through 55 herein.

57. The eos Trade Dress is famous, and became famous prior to the unauthorized use by Defendant and others in commerce, because of the significant commercial success of eos' lip balm, its federal registration, and eos' extensive, exclusive, and nationwide use, advertising, promotion, and public recognition of the eos Trade Dress.

58. The sale of packaging that copies the eos Trade Dress is likely to cause dilution by blurring and/or tarnishment by creating a likelihood of association with Plaintiff that is likely to impair the distinctiveness and/or reputation of the famous eos Trade Dress.

59. The acts of Defendant described herein constitute dilution by blurring and/or tarnishment in violation of 15 U.S.C. § 1125(c).

60. Defendant's acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Plaintiff's rights in the eos Trade Dress and with intent to trade off Plaintiff's goodwill and business reputation, and to deceive and mislead the public.

61. As a direct and proximate result of Defendant's dilutive and unlawful acts, Plaintiff has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

62. Defendant's acts have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm .

## COUNT IV
### Trade Dress Infringement and Unfair Competition
### (Common Law of New York)

63. eos re-alleges and incorporates the allegations set forth in paragraphs 1 through 62 herein.

64. The acts of Defendant described herein constitute contributory trade dress infringement and unfair competition in violation of the common law of the State of New York.

65. Defendant's acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Plaintiff's rights in the eos Trade Dress, and with intent to trade off Plaintiff's goodwill and business reputation, and intent to deceive and mislead the public.

66. As a direct and proximate result of Defendant's infringing and unlawful acts, Plaintiff has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

67. Defendant's acts have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm .

## COUNT V
### Deceptive Trade Practices
### (New York General Business Law § 349)

68. eos re-alleges and incorporates the allegations set forth in paragraphs 1 through 67 herein.

69. The aforesaid acts of Defendant constitute deceptive trade practices or acts in the conduct of a business, trade, or commerce, or in the furnishing of goods and/or services, in violation of Section 349 of the New York General Business Law.

70.     The consuming public is likely to be damaged as a result of the deceptive trade practices or acts engaged in by Defendant.

71.     Defendant's acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Plaintiff's rights in the eos Trade Dress, and with intent to trade off Plaintiff's goodwill and business reputation, and intent to deceive and mislead the public.

72.     As a direct and proximate result of Defendant's deceptive trade practices or acts, Plaintiff has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

73.     Defendant's deceptive trade practices or acts have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm.

**COUNT VI**
**Injury To Business Reputation and Trade Dress Dilution**
**(New York General Business Law § 360-1)**

74.     eos re-alleges and incorporates the allegations set forth in paragraphs 1 through 73 herein.

75.     The eos Trade Dress is distinctive and has acquired secondary meaning in the marketplace.

76.     The design used by Defendant is the same as or substantially similar to the eos Trade Dress.

77.     The use of the eos Trade Dress, and other conduct by Defendant set forth above, has reduced the selling power of the eos Trade Dress, and has diminished the ability of the eos Trade Dress to serve as a source identifier.

78. The use of the eos Trade Dress, and other conduct by Defendant set forth above, has injured the business reputation of Plaintiff and reduced the reputation and standing of the eos Trade Dress in the eyes of consumers as identifiers of Plaintiff's products.

79. The aforesaid acts of Defendant constitute injury to business reputation and trade dress dilution, in violation of Section 360-l of the New York General Business Law.

80. Defendant's acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Plaintiff's rights in the eos Trade Dress, and with intent to trade off Plaintiff's goodwill and business reputation, and intent to deceive and mislead the public.

81. Defendant's acts have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm.

82. Defendant's business practices alleged above are unfair and offend public policy, as they are unscrupulous, and substantially injurious to Plaintiff and to consumers.

## PRAYER FOR RELIEF

**WHEREFORE**, eos prays that:

1. Judgment be entered for eos on its claims;

2. Defendant, its officers, agents, subsidiaries, servants, partners, employees, attorneys, assigns and affiliates, and all others in active concert or participation with it, be enjoined and restrained, during the pendency of this action, and permanently thereafter, from:

    (a) manufacturing, distributing and/or selling packaging that infringes the eos Trade Dress, or any similar trade dress or facilitating, inducing, or assisting any of the activity set forth above;

  (b) doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendant, or its packaging, emanates from, or is connected with, sponsored by or approved by Plaintiff; and

  (c) engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's rights in and to the eos Trade Dress.

3. An accounting be directed to determine Defendant's profits resulting from its activities and that such profits be paid over to Plaintiff and increased as the Court finds to be just under the circumstances of this case.

4. Defendant be required to pay:

  (a) in accordance with Section 35(a) of the United States Trademark Act, 15 U.S.C. §1117(a) and (b), an award of treble Plaintiff's actual damages and Defendant's profits, together with profits resulting from sales by Defendant relating to its aforesaid trade dress infringement, unfair competition, dilution, and deceptive trade practices; and

  (b) Plaintiff's reasonable attorneys' fees and costs of this action.

5. Ordering full restitution and/or disgorgement of all profits and benefits that may have been obtained by Defendant as a result of its wrongful conduct pursuant to 15 U.S.C. § 1117;

6. Defendant, in accordance with Section 36 of the United States Trademark Act, 15 U.S.C. § 1118, be required to deliver to Plaintiff for destruction all products, labels, signs, prints, packages, bottles, receptacles, containers, and advertisements in Defendant's possession or control bearing Plaintiff's trade dress.

7. Defendant, in accordance with Section 34(a) of the United States Trademark Act, 15 U.S.C. § 1116(a), be required to file with the Court, and serve upon Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of such injunction.

8. Plaintiff recovers such other relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable as a matter of right.

Dated: May 31, 2016
New York, N.Y.

Respectfully submitted,

JONES DAY

*/s/ John J. Normile*
John J. Normile
Lisamarie LoGiudice
250 Vesey Street
New York, N.Y. 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
jjnormile@jonesday.com
llogiudice@jonesday.com

John G. Froemming (to be admitted *pro hac vice*)
Tracy A. Stitt (to be admitted *pro hac vice*)
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
jfroemming@jonesday.com
tastitt@jonesday.com

*Counsel for Plaintiff eos Products, LLC*